■ JOHN COWILICH et al., Respondents, v. HARRY COWILICH, Individually and as Executor of ANNA COWILICH, Deceased, Appellant, and MARY COWILICH, Respondent.— The legal issues arising on the agreed statement of facts are discussed thoroughly in the comprehensive opinion of Mr. Justice ZELLER at Equity Term. The fact that the testators held the real property as tenants by the entirety and also held the personal property jointly is not a bar to irrevocable mutual wills. We have previously held that a husband and wife may affect the right of survivorship of property owned by them as tenants by the entirety by acting in concert through the medium of a joint will. (*Swerdfeger* v. *Swerdfeger,* 4 A D 2d 535.) Hence the reciprocal agreements of the joint owners not to alter their wills constituted mutual consideration. Judgment affirmed, with one bill of costs to respondents filing briefs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Hamm, JJ., concur.

■ In the Matter of TALBERT TRUMAN, Petitioner, v. COUNTY COURT OF THE COUNTY OF TOMPKINS et al., Respondents.— Petitioner moves for an order in the nature of prohibition to restrain respondents from continuing to assume jurisdiction in respect to indictments returned against him in the Supreme Court and thereafter transferred for disposition to the County Court of Tompkins County. Prior motions addressed to these courts respectively to dismiss the indictments upon the same grounds now urged have been denied. In the circumstances presented the remedy of prohibition is not available to petitioner. (*Duchin* v. *Peterson,* 12 A D 2d 622; *Kenler* v. *Murtagh,* 12 A D 2d 662; *Matter of Marra* v. *County Ct.,* 17 A D 2d 902.) Our denial of the relief sought is not to be taken, however, as sanctioning the informal conference in which several members of the Grand Jury and law-enforcement officials participated at the instance of the District Attorney. Motion denied and petition dismissed, without costs. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.